NOVA M. SPARKS, *Appellant*, v. F. W FITZGERALD, *Appellee.*

No. 17,334.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Personal Injuries—Automobile—Venue.* The proviso at the end of section 55 of the old code (Laws 1903, ch. 379, § 2), "that actions for damages on account of injuries to person or property may be brought in the county in which the injury occurred" applied only to that part of the section which related to actions against railroad companies, of which the proviso was a part, and an action against an individual operating an automobile, for damages negligently caused to persons or property, was required to be brought where the defendant or some one of the defendants resided or might be summoned.

Appeal from Butler district court. Opinion filed March 9, 1912. Affirmed.

*George J. Benson,* and *T. A. Kramer,* for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Nova M. Sparks, who alleges that she was thrown out of her surrey and injured because of the negligent operation of an automobile by F. W. Fitzgerald, brought this action to recover damages.

The injury was received in Butler county, where the action was brought, while Fitzgerald resided and was served with summons in Allen county. He made a special appearance and challenged the venue, insisting that the action could only be brought in the county where he resided or was summoned, but this was overruled. After the evidence of plaintiff was introduced the court sustained a demurrer to her evidence and from this decision she appeals.

From the evidence it appears that appellee was traveling eastward in his automobile on a country road and appellant was traveling westward on the same road in a surrey accompanied by three of her children. Just ahead of her was M. O. Willard with a team and buggy driving in the same direction. When appellee met Willard he slowed up his automobile, and appellant, noticing that her horse showed some fright at the coming automobile, which was approaching the Willard vehicle, drove into Marley's yard south of the road. There was a circular driveway in this yard and appellant first drove southwest on it, when she turned north and started back towards the highway. In the meantime appellee was slowly passing the Marley yard, and when opposite appellant, who was driving towards the road, and about twenty-five feet away, appellee increased the speed of his automobile, which made quite a fluttering noise, and appellant's horse became more frightened and ran against a grindstone in the yard, which overturned the surrey and caused the injuries for which a recovery was sought.

Appellant claimed that when appellee saw that her horse was frightened he should have stopped his machine, and that by starting it forward with greater speed and more noise he was chargeable with negligence. She says she circled into the yard for the purpose of avoiding the machine which caused the horse's fright, and that she turned back towards the road in

order to reach a hitching post, where she intended to tie up and unload the children.

Appellee contends that he was not negligent because, being a stranger in that locality, and seeing appellant drive into the Marley yard, he had a right to believe that she resided there and had reached her destination. Further, that there was no signal to him to stop, nor anything indicating that stopping the machine was necessary, and that if he had seen her peril when she was opposite to him, as it is claimed he should have done, ordinary prudence would have suggested that the proper course was to run the machine—the object of the horse's fright—farther away.

· The first and controlling question in the case is: Had the appellant a right to maintain the action in Butler county, where the injury occurred? As we have seen, appellee resided and was summoned in another county. The action brought against him is transitory in its nature and section 55 of the old code (Laws 1903, ch. 379, § 2) was the governing provision. It provided:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned; but no action shall be brought against any railroad company doing business in this state except in the county where its principal office or place of business may be located, or in a county into or through which its railroad may run, and in which the plaintiff shall, prior to and at the time of the institution of such action, have been a *bona fide* resident therein; provided, that actions for damages on account of injury to person or property may be brought in the county in which the injury occurred."

The code provision as to venue divided actions into local and transitory classes, and they remained substantially as they were enacted by the territorial legislature of 1859 until 1903 when sections 50 and 55 were amended. (Laws 1903, ch. 379, §§ 1, 2.) The purpose of these amendments was, manifestly, to restrict the venue of cases brought against common carriers. In

Sparks v. Fitzgerald.

each the residence of the plaintiff was made a determining factor as to the place of trial. Prior to the act of 1903 a plaintiff was at liberty to bring an action against a railroad company or a stage line upon any liability as a carrier in any county through or into which the road or line ran, but the amendments provided that thereafter actions must either be brought in the county in which the principal office or place of business of the defendant is located or in the county on the road or line in which plaintiff shall have been a *bona fide* resident prior to and at the beginning of the action. An exception was made of actions for injuries to person and property, which it was provided might be brought in the county in which the injury occurred. This limiting provision was placed in section 50 of the code and, apparently as a precautionary measure, was repeated in the amendment of section 55.

The exception as to actions for injuries to persons and property was obviously intended to apply to those brought against transportation companies. In section 55 the proviso as to actions for injuries to persons and property is engrafted upon the new restriction as to the residence of the plaintiff in actions brought against railroad companies. It is used in direct connection with that provision and applies only to that. In the code revision of 1909, where a more logical arrangement of the provisions governing the different classes of actions was made, the exception referred to was treated as having reference to actions against railroad companies and other common carriers and to have no bearing on other litigants. (Code 1909, § 55.) The appellant having no right to maintain the action where it was begun, no error was committed in sustaining the demurrer to her evidence and in deciding in favor of appellee.

Notwithstanding our conclusion that the action was not rightfully brought, we have examined the facts brought out in the evidence and are of the opinion

reached by the district court, that the appellee was not guilty of negligence towards appellant, and if the evidence had been given in a case brought in the proper county it would have been held insufficient if challenged by a demurrer.

The judgment of the district court is affirmed.